ROHNER GEHRIG & Co., INC. *v.* UNITED STATES

No. 5087.—Invoices dated Amotfors, Sweden, November 7, December 31, 1936;
February 27, 1937.
Certified November 9, 1936, January 4, March 4, 1937.
Entered at New York November 25, 1936, January 21, March 19, 1937.
Entry Nos. 775235, 806519, 839446.

(Decided January 10, 1941)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

KINCHELOE, Judge: These appeals to reappraisement, which were consolidated for the purpose of trial by consent of the parties, involve the proper dutiable value of certain machine-glazed Kraft paper imported from Sweden.

At the trial it was stipulated between counsel for the respective parties in substance as follows:

(1) That the paper covered by the instant appeals to reappraisement is the same in all material respects as that which was the subject of the decision in the case of *Arkell Safety Bag Co.* v. *United States*, Reap. Dec. 4670.

(2) That the record in said case may be incorporated herein.

(3) That there is no foreign value for the paper in question.

In the *Arkell Safety Bag Co.* case, *supra,* the record in which case has been incorporated herein, it was found that the foreign market for machine-glazed Kraft paper, such as or similar to that involved therein, was a controlled market subject to conditions and restrictions fixed by a cartel agreement between wholesalers and dealers; that there was no foreign-market value, within the meaning of such value as defined in section 402 (c) of the Tariff Act of 1930, for such or similar merchandise; that the proper basis of appraisement for said merchandise was export value, within the judicial interpretation of said value for tariff purposes; that all of the sales of said paper were negotiated to American importers without any restrictions or conditions upon the American purchaser, either as to use or quantity; and that the price for said merchandise was the same regardless of the quantity purchased.

On the basis of the entire record before me I find the following facts:

(1) That the merchandise in question consists of machine-glazed Kraft paper imported from Sweden.

(2) That the foreign market, at the time of exportation of the instant merchandise, for such or similar merchandise was a controlled market.

(3) That there was no foreign-market value, as such value is defined in section 402 (c) of the Tariff Act of 1930, for the instant merchandise at the time of exportation thereof.

(4) That the proper basis of appraisement for said merchandise is export value, as such value is defined in section 402 (d) of said act and as legally interpreted in the *Arkell Safety Bag Co.* case, *supra.*

(5) That such dutiable export values of said merchandise are as to reappraisement 117620–A, for the Kraft paper on reels $3.10 per 100 pounds and for the Kraft paper in sheets $3.20 per 100 pounds, and as to reappraisements 117943–A and 118972–A, $3.55 per 100 pounds, all less 2 per centum cash discount, less inland and ocean freight, insurance, and consular fee as invoiced.

I hold as matter of law that the correct dutiable values of the instant merchandise are the export values as set forth in fact (5). Judgment will be rendered accordingly.